STATE OF MISSOURI at the Relation of OTTO SCHROWANG, Doing Business Under the Firm Name and Style of SCHROWANG ENGRAVING COMPANY, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—85 S. W. (2d) 417.

Division One, July 30, 1935.

*Sullivan, Reeder & Finley, Jones, Hocker, Gladney & Jones* and *Ralph T. Finley* for relator.

*Cobbs & Logan* for respondents.

524

GANTT, P. J.—Relator seeks to have quashed the opinion of the St. Louis Court of Appeals in Schrowang v. Von Hoffmann Press, 75 S. W. (2d) 649. The action was for damages on defendant's alleged wrongful delivery of certain maps to Charles J. Norgard. The judgment for defendant was affirmed by the Court of Appeals.

In substance it was alleged in the petition that plaintiff employed defendant to print maps of the city of St. Louis and vicinity; that he delivered to defendant certain materials for use in printing the maps; "that the printing of said maps was to be done for the plaintiff;" that "at the time the defendant was employed to print said maps for the plaintiff, the plaintiff had agreed to print them or have them printed for Charles J. Norgard;" that it was expressly agreed that defendant would deliver the maps to plaintiff and not to Norgard; that plaintiff paid defendant for printing the maps; that defendant delivered a part of the maps to Norgard contrary to agreement and with knowledge that plaintiff was printing the maps for Norgard, whose credit would not justify plaintiff in delivering the maps to him without security; that Norgard disposed of said maps and that he is indebted to plaintiff for the maps, which indebtedness Norgard and defendant refused to pay. The answer was a general denial.

The Court of Appeals construed the petition to allege that plaintiff owned the maps, and said court found that the case was tried on the theory that a relationship of bailor and bailee existed between plaintiff and defendant with reference to the maps.

There was evidence on the part of plaintiff tending to sustain the claim of ownership by plaintiff. On the other hand there was evidence tending to show that Norgard contracted with defendant to print the maps; that he employed plaintiff to perform engraving service; that he agreed to pay therefor and for materials furnished by plaintiff, and that while plaintiff owned certain plates he (Norgard) owned the maps.

Plaintiff's theory of the case was submitted by an instruction which predicated a verdict for him upon a finding by the jury of the facts alleged in the petition. Defendant's theory of the case was submitted by instructions which predicated a verdict for it upon a finding by the jury that Norgard was the true owner of the maps at the time they were delivered to him by defendant.

■ In presenting the question of conflict, plaintiff assumes that the petition alleged that he had only an interest in the maps for services rendered and materials furnished for use in printing the maps. On this assumption he contends that the opinion of the Court of Appeals is in conflict with certain decisions of this court.

It will not be necessary to rule the question of conflict as presented for the reason that said court did not so construe the petition. As stated, it ruled that the petition alleged that plaintiff was the owner of the maps at the time they were delivered to Norgard by defendant. Plaintiff cites no decision of this court with which said ruling is in conflict. We are not authorized to review the record on the merits.

■ Relator also contends that the ruling of the Court of Appeals on the burden of proof is in conflict with certain decisions of this court in which it was ruled that if the relationship of bailment existed and the bailee made delivery to a third person as the true owner of the property, he assumed the burden of proving said ownership at the time of such delivery.

The Court of Appeals recognized this rule but found that plaintiff voluntarily assumed the burden of proving that he was the owner of the maps, and for that reason he was not in position to challenge the instruction placing said burden upon him. Plaintiff cites no decision of this court with which said ruling is in conflict.

The writ should be quashed. It is so ordered. All concur.